E-filing

ADR

Filed

JAN 0 9 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

1   Alan Himmelfarb (Cal. Bar # 90480)
    KamberEdelson, LLC
2   2757 Leonis Blvd.
    Vernon, CA 90058-2304
3   Telephone: (323) 585-8696
    ahimmelfarb@kamberedelson.com
4
    Scott A. Kamber
5   KamberEdelson, LLC
    11 Broadway, 22nd Floor
6   New York, NY 10004
    Telephone: (212) 920-3072
7   Fax: (212) 202-6364
    skamber@kamberedelson.com
8
    Clifford Cantor
9   Law Offices of Clifford Cantor, P.C.
    627 208th Ave. SE
10  Sammamish, WA 98074-7033
    Telephone: (425) 868-7813
11  Fax: (425) 868-7870
    cacantor@comcast.net
12
    *Attorneys for Plaintiff*
13
14                  **UNITED STATES DISTRICT COURT**
                   **NORTHERN DISTRICT OF CALIFORNIA**
15                          **SAN JOSE DIVISION**

16  DEBORAH ZABER, individually and on behalf        **C09    00103**
    of all others similarly situated,
17                                                    **COMPLAINT**
                                                                              H R L
                         Plaintiff,
18
           v.                                         *CLASS ACTION*
19
    HEWLETT-PACKARD COMPANY,
20                                                    JURY TRIAL DEMANDED
                         Defendant.
21

22         Plaintiff alleges as follows on personal knowledge as to her own acts and on information and

23  belief based upon, inter alia, investigation of counsel as to all other matters:

24

                                      - 1 -
                                    Complaint

**INTRODUCTION**

1.     This is a class action brought on behalf of a class of all persons and entities who purchased or acquired one or more Hewlett-Packard Company ("HP") Pavilion "zd" series laptop computers.

2.     As more fully alleged herein, HP designed, manufactured and sold defective laptop computers, specifically the HP Pavilion "zd" series laptop computers for both business and consumer use, and has made misrepresentations and concealed material information in the marketing, advertising, and sale of those computers

3.     In particular, HP represented to Plaintiff and members of the class that the HP Pavilion "zd" series laptop computers offered mobile performance and that the laptops were free from defects; that it was of merchantable quality and workmanship; and that the laptop was capable of operating within its advertised parameters.  These representations were false and misleading.

4.     The truth was that users experienced a high rate of failure with the HP "zd" series laptop computers.  Specifically, the power jack installed on this entire series of HP laptops was so fragile and poorly designed, that virtually any movement of the computer (i.e. use as a mobile computing device) would loosen, weaken, and ultimately break the connection between the power jack and the motherboard, causing arcing and melting of critical components in the laptop.  Failure of this component out-of-warranty required replacement of the motherboard at a cost to the unfortunate HP Pavilion "zd" owner of $600 or more.  However, even replacement of the failed components could not remedy the inherent design and manufacturing defects that caused the components to fail in the first place.

5.     Plaintiff asserts claims under the California Consumer Legal Remedies Act, Civil Code Sections 1750 et seq.; Business & Professions Code Sections 17200 and 17500 et seq.; and Breach of the Implied Warranty of Merchantability pursuant to Commercial Code Section 2314.

1      6.     Plaintiff seeks actual damages, individual restitution, equitable relief, civil penalties,

2 costs and expenses of litigation, including attorneys' fees, and all further relief available.

3                       **JURISDICTION AND VENUE**

4      7.     Federal Courts have subject-matter jurisdiction pursuant to the Class Action Fairness Act

5 of 2005, codified in relevant part at 28 U.S.C. § 1332(d)(2), because Plaintiff and HP are citizens of

6 different states and the aggregate relief that Plaintiff and the Proposed Class Members seek exceeds the

7 sum or value of $5,000,000, exclusive of interest and costs.

8      8.     This Court has personal jurisdiction over Hewlett-Packard Company because HP is

9 headquartered in this District.

10      9.     Venue is proper in this Court under 28 U.S.C. § 1391 because (i) HP is headquartered

11 and resides in this district; (ii) a substantial portion of the events giving rise to this case occurred in and

12 emanated from HP's headquarters in this District, and (iii) HP is subject to personal jurisdiction here.

13                  **INTRADISTRICT ASSIGNMENT**

14      10.     Pursuant to Civil LR 3-2(c) & (e), this matter should be assigned to the San Jose Division

15 of this District because HP's headquarters are in Palo Alto, Santa Clara County, California.

16                          **PARTIES**

17      11.     Plaintiff Deborah Zaber is a resident of Beaumont Texas, Jefferson County.

18      12.     Plaintiff purchased a zd 8000 series laptop on or about January 2006. Plaintiff began

19 experiencing battery problems almost immediately, and had to have the battery replaced. In early 2008,

20 plaintiff experienced additional problems with the power connection of her laptop – including the

21 computer shutting down, and lines appearing on her screen. These problems have progressively

22 worsened.

23      13.     Defendant Hewlett-Packard Company ("HP" or "Defendant") is a California corporation

24

1  with its principal place of business in Palo Alto, California.  According to its 10-K filing, HP "is a

2  leading global provider of products, technologies, solutions and services to individual consumers and

3  businesses.  Our offers span information technology ("IT") infrastructure and storage, personal

4  computing and other access devices, multi-vendor services including maintenance, consulting and

5  integration and outsourcing, and imaging and printing.  Our products and services are available

6  worldwide."

7                                    **GENERAL ALLEGATIONS**

8          14.      HP is among the world's leading manufacturers of computers and other computer

9  products.  Among the products it manufactures and sells are portable laptop computers.  HP designed,

10  manufactured, distributed, marketed, advertised, and serviced a product line of portable computer

11  laptops known as the HP Pavilion "zd" series of laptop computers.  It is those lines that are the subject

12  of this lawsuit.

13          15.      In or about 2002, HP introduced the first of its line of Pavilion "z" series laptop

14  computers with the statement that "Hewlett-Packard Company has broadened its mobile offerings with

15  products that allow users to simplify how they manage and exchange information, enabling users to

16  easily connect and move between work, home or school."  The intended market for these laptops was . .

17  . everybody.   The new laptops were offered as a mobile laptop especially designed for wireless

18  connectivity to enable "greater mobility and resource sharing within homes or small offices."  (Press

19  Release, Business Wire, January 2, 2002.)

20          16.      On the basis of these and other statements of a like and similar nature, the HP "zd" series

21  laptops have been sold throughout the country to consumers who viewed the promise of power and

22  mobility as a promise of a reliable, capable, high-performance computer in a laptop configuration.

23          17.      In truth and in fact, however, the design and configuration of the HP "zd" series laptop

24

1    computers did not demonstrate power and mobility. At least one particular component of the computer

2    was so poorly designed and configured as to ensure that, at some point well prior to the reasonably

3    expected lifespan of the laptop, it would suffer a major and inevitable failure.

4        18.    A laptop computer typically operates from either battery power or direct connection to an

5    electrical outlet. The life of the battery may be no more than a couple of hours. Any use beyond that

6    requires direct connection to an electrical outlet. Being marketed and sold as a "mobile" computer, the

7    reasonable and expected use of the device includes the transport of the unit from one location to another.

8    At each location, the power cord must be unplugged from the unit and reinserted at the new location

9    from the new power source. The power jack is the input point through which the power cord supplies

10    the laptop with power when it is not operating off of a battery. The power jack must therefore be

11    capable of disconnection and reconnection with a design sufficient to withstand repeated disconnections

12    and reconnections over the life of the laptop.

13        19.    The HP "zd" series laptop computers were not so designed. The power jack input does

14    not fully fit into the connection. The hole in the case is larger than the connection, providing no support

15    for the jack input. The component itself that provides the connection to the motherboard (and hence

16    powers the unit) is a shoddily constructed, cheap, fragile component with its sole support and connection

17    to the motherboard consisting of a few tiny pins with no support. A few insertions are enough to

18    dislodge the power connection. The weight of the power cord by itself is enough to weaken the power

19    jack's connection to the motherboard. Any weakened connection is inevitably broken, with no more

20    than a few additional disconnections/insertions. No negligence on the part of the laptop owner is

21    necessary. Even the most careful user will, with a sufficient number of disconnections/insertions, cause

22    the power jack connection to weaken and eventually break.

23        20.    Once the power connection of the power jack to the motherboard is compromised, the

24

1    amount of power traveling through a very small connection causes high heat, arcing, and melting of the

2    surrounding components. The only remedy at that point is replacement of the motherboard -- at more

3    than $600.00 apiece.

4          21.    HP failed to adequately design, manufacture, and/or test the HP Pavilion "zd" series

5    laptop computers to ensure that they were free from defects. Before introducing the HP Pavilion "zd"

6    series laptop computers into the market, HP's product testing should have addressed the essential

7    reliability and use issues to determine well before it released the laptop computers in the marketplace,

8    whether the HP Pavilion "zd" series laptop computers would be capable of providing the performance

9    that HP promised it would deliver. Before the HP "zd" series laptop computers entered the market, HP

10    either failed to perform the adequate testing, or knew or was reckless in not knowing that the HP

11    Pavilion "zd" series laptop computers (a) would fail at unacceptably high rates; (b) contained common

12    design defects; and (c) were not of merchantable quality.

13          22.    Contrary to HP's express, uniform representations, however, the HP Pavilion "zd" series

14    laptop computers failed consistently to perform according to their specifications. The HP Pavilion "zd"

15    series laptop computers thus failed to meet the specifications HP advertised for the product, which

16    specifications were intended by HP to serve as a basis for consumers evaluating the performance of the

17    product.

18          23.    HP warrants that the HP hardware product and all the internal components of the product

19    are free from defects in materials or workmanship under normal use during the Limited Warranty Period

20          24.    Contrary to HP's representations, the HP Pavilion "zd" series laptop computers are not

21    free from defects in material and workmanship under normal use during the warranty period.

22          25.    Further, at the time these statements were made, HP knew, or was reckless in not

23    knowing, that the HP Pavilion "zd" series laptop computers were defective and failed at rates well in

24

Complaint

1  excess of levels acceptable in the computer laptop industry.

2      26.    HP's marketing label of "power and mobility" and representations regarding the HP

3  Pavilion "zd" series laptop computers design and system characteristics were intended to and did convey

4  to consumers and businesses that the HP Pavilion "zd" series laptop computers were superior to other

5  notebook computers in performing computing tasks.

6      27.    Within a year of product launch of the Pavilion Series laptops, HP became aware of

7  multiple power jack failures in the "zd" series through returns and warranty repairs to its repair centers.

8  Still, even though HP Pavilion "zd" series laptop computer purchasers and users were complaining of

9  consistent and repeated failures with the power jacks, and even though HP repair centers were being

10  inundated with these repeated failures in the "zd" series, HP refused to disclose to users the common

11  design defects, the high rates of failure of the components, and potential losses of work product and

12  computing time.

13                          **CLASS ALLEGATIONS**

14      28.    Plaintiff brings this action on behalf of herself and all other similarly situated people as

15  members of a Class as defined as follows:

16          All persons or entities who purchased or received one or more HP Pavilion "zd" series laptop

17          computers in the United States. Excluded from the Class are HP, its officers and directors,

18          and persons or entities whose claims herein are barred by applicable statutes of limitations or

19          were covered by releases in previous litigation.

20      29.    This action has been brought and may properly be maintained on behalf of the

21  Class proposed above under the criteria of Federal Rule of Civil Procedure Rule 23.

22      30.    Members of the Class are so numerous that their individual joinder herein is

23  impracticable. It is estimated that the Class consists of thousands of members. Although the exact

24

- 7 -

Complaint

1    number of Class Members and their addresses are unknown to Plaintiff, they are readily ascertainable

2    from HP's records or through ownership or proof of purchase of the subject laptop computers.  Class

3    members may be notified of the pendency of this action by mail, supplemented (if deemed necessary by

4    the Court) by published notice.

5         31.    Common questions of law and fact exist as to all members of the Class, and predominate

6    over questions affecting only individual Class members.  These common questions include:

7              a.    Whether HP made representations that its Pavilion "zd" series laptop computers

8    were of a particular standard or quality, which they do not have;

9              b.    Whether HP made representations that the HP Pavilion "zd" series laptop

10   computers had characteristics, uses, benefits, or qualities which they did not have;

11             c.    Whether the HP Pavilion "zd" series laptop computers contain a common design

12   defect and are not of merchantable quality;

13             d.    Whether the HP Pavilion "zd" series laptop computers fail to conform to HP's

14   advertised product specifications;

15             e.    Whether HP made false and/or misleading statements of fact to the Class and the

16   public concerning the defects inherent in the HP Pavilion "zd" series laptop computers;

17             f.    Whether HP knew, or was reckless in not knowing, that its statements and

18   representations to the Class and the public about the performance of the HP Pavilion "zd" series

19   laptop computers were false and/or misleading;

20             g.    Whether HP's false and/or misleading statements of fact to the class and the

21   public about the performance and reliability of HP Pavilion "zd" series laptop computers, and its

22   concealment of material facts, were likely to deceive the public;

23             h.    Whether, by its misconduct as set forth herein, HP has engaged in unfair or

24

- 8 -

Complaint

1  unlawful business practices with respect to the advertising, marketing, and sale of the HP
2  Pavilion "zd" series laptop computers;

3      i.    Whether by its misconduct, as set forth herein, HP has engaged in unfair,
4  deceptive, untrue or misleading advertising of the HP Pavilion "zd" series laptop computers;

5      j.    Whether HP has breached its warranty of merchantability to the Class for the HP
6  Pavilion "zd" series laptop computers; and

7      k.    Whether Plaintiff and the Class are entitled to relief, and the amount and nature of
8  such relief.

9      32.    The Plaintiff's claims are typical of the claims of the Class because, among things,
10  Plaintiff purchased an HP Pavilion "zd" series laptop computer.

11      33.    Plaintiff is an adequate representative of the Class because her interests do not conflict
12  with the interests of the members of the Class she seeks to represent. Plaintiff has retained counsel
13  competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this
14  action vigorously. The interests of the Class will be fairly and adequately protected by the Plaintiff and
15  her counsel.

16      34.    A class action is superior to all other available methods for the fair and efficient
17  adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the
18  damages suffered by individual Class members may be relatively small, the expense and burden of
19  individual litigation make it impossible for members of the Class to individually redress the wrongs
20  done to them. There will be no difficulty in the management of this case as a class action.

21      35.    In the alternative, the Class may be certified because (a) the prosecution of separate
22  actions by the individual members of the Class would create a risk of inconsistent or varying
23  adjudications with respect to individual Class members which would establish incompatible standards of
24

1    conduct for HP; (b) the prosecution of separate actions by individual Class members would create a risk

2    of adjudication with respect to them which would, as a practical matter, be dispositive of the interests of

3    other Class members not parties to the adjudications, or substantially impair or impede their ability to

4    protect their interests; and (c) HP has acted or refused to act on grounds generally applicable to the class,

5    thereby making appropriate final and injunctive relief with respect to the members of the Class as a

6    whole.

7    **FIRST CAUSE OF ACTION**

8    **(Breach of Implied Warranty of Merchantability)**

9        36.     Class Plaintiff incorporates the above allegations by reference as if set forth herein at

10    length.

11        37.     Each HP Pavilion "zd" series laptop computer, by operation of law, came with an implied

12    warranty that it was merchantable and fit for the ordinary purpose for which it is used.

13        38.     By supplying the HP Pavilion "zd" series laptop computers in a condition where they

14    were prone to repeated breakage of the power jack connection, HP breached the implied warranty of

15    merchantability associated with the HP Pavilion "zd" series laptop computers.

16        39.     HP has received timely notice of the breach of warranty alleged herein. HP has failed to

17    provide Class Plaintiff or the class, as a warranty replacement, a laptop computer that conforms to the

18    qualities and characteristics that HP has warranted, by operation of law, are possessed by the HP

19    Pavilion "zd" series laptop computers.

20        40.     HP's warranty process fails in its essential purpose by repairing a defective laptop

21    without remediating the defective design of the laptop, thus paving the way for yet more failure and yet

22    more ultimately ineffective repairs. Many customers have reported going through this "warranty

23    process' on multiple occasions, just to have the replacement part fail as well. Replacing one defective

24

- 10 -
Complaint

1   product with another defective product, or an inferior product, is a breach of warranty.

2       41.  As a result of HP's breach of implied warranty of merchantability, Class Plaintiff and the

3   class have suffered damages in an amount to be determined at trial.

4                   **SECOND CAUSE OF ACTION**

5      **(Violation of California Bus. & Prof. Code Section 17200 et seq. ("UCL"))**

6       42.  Class Plaintiff incorporates the above allegations by reference as if set forth herein at

7   length.

8       43.  Class Plaintiff brings this cause of action on behalf of herself and on behalf of the Class.

9       44.  HP has engaged in unlawful, unfair, and fraudulent business acts and practices as set

10   forth above.

11       45.  By engaging in the above-described acts and practices, HP has committed one or more

12   acts of unfair competition within the meaning of Business and Professions Code Section 17200, et seq.

13       46.  HP's acts and practices are unlawful because they violate Civil Code Sections 1770(a)(5),

14   1770(a)(7), and 1770(a)(9), and Business and Professions Code Section 17500 et seq.

15       47.  HP's acts and practices are unfair because they have caused and continue to cause harm

16   and injury to Class Plaintiff and members of the Class without justification. Further, HP's conduct

17   offends public policy that is tethered to the statutes referenced in the preceding paragraph. And, HP's

18   modus operandi constitutes a sharp practice because HP understands that most purchasers are unlikely to

19   spend the time, expense, and effort to pursue claims and HP hopes to enrich itself with the money it thus

20   saves.

21       48.  HP's acts and practices are "fraudulent," within the meaning of the UCL, because they

22   are likely to mislead an objectively reasonable member of the public to whom the acts and practices are

23   directed.

24

1       49.     HP's acts and practices also violate Business and Professions Code Section 17500, et

2  seq., which constitute additional violations of the UCL.

3       50.     Plaintiff, on behalf of herself and on behalf of each member of the Class, seeks

4  restitution, injunctive relief, and other relief allowed under the UCL.

5  **THIRD CAUSE OF ACTION**

6  **(Violation of California Bus. & Prof. Code Section 17500)**

7       51.     Plaintiff incorporates the above allegations by reference as if set forth herein at length.

8       52.     Plaintiff brings this cause of action on behalf of herself and on behalf of the Class.

9       53.     Beginning in 2002, HP engaged in advertising and marketing to the public and offered

10  for sale the HP Pavilion "zd" series laptop computers on a nationwide basis including California. The

11  model at issue was introduced later, but included similar advertising and marketing. HP has engaged in

12  advertising to the public, including Plaintiff and members of the Class, offering for sale laptop

13  computers that were represented to "enable greater mobility and resource sharing within homes and

14  small offices" and that the HP Pavilion series laptops were an "all-in-one mobile PC [] ideal for

15  consumers on a tight budget who need to stay connected and productive at home or on the road;" among

16  other statements, which were also untrue. HP has engaged in such advertising with the intent to induce

17  Plaintiff and members of the Class to purchase its HP Pavilion "zd" series laptop computers.

18       54.     Plaintiff is informed and believes and thereon alleges that HP's advertising is untrue or

19  misleading and likely to deceive the public in that the advertising portrays a level of performance and

20  reliability that the HP Pavilion "zd" series laptop computers did not have.

21       55.     In making and disseminating the statements herein alleged, HP knew, or by the exercise

22  of reasonable care should have known, that the statements were false and misleading and so are in

23  violation of Section 17500 California Business and Professions Code.

24

- 12 -
Complaint

1    56.    HP's advertising, as herein alleged, constitutes false advertising and unfair competition in

2  violations of sections 17500 and 17200 of the California Business and Professions Code.

3    57.    Unless restrained by this court, HP will continue to engage in false and misleading

4  advertising, as herein alleged, in violation of sections 17500 and 17200 of the California Business and

5  Professions Code.

6                    **FOURTH CAUSE OF ACTION**

7       **(Violation of California Consumer Legal Remedies Act, Civil Code § 1750 et seq.)**

8    58.    Plaintiff incorporates the above allegations by reference as if set forth herein at length.

9    59.    The Consumer Legal Remedies Act, Civ. Code § 1750 et seq. ("CLRA") applies to HP's

10  actions and conduct described herein because it extends to transactions that are intended to result, or

11  which have resulted, in the sale of goods to consumers.

12    60.    Plaintiff and each consumer member of the Class are "consumers" within the meaning of

13  Civil Code Section 1761(d).

14    61.    The HP Pavilion "zd" series laptop computers that Plaintiff and each consumer member

15  of the Class own are "goods" within the meaning of Civil Code Section 1761(a).

16    62.    HP has violated the CLRA in at least the following respects: (a) In violation of Section

17  1770(a)(5), HP has represented that the HP Pavilion "zd" series laptop computers have characteristics

18  and benefits that they do not have; (b) In violation of Section 1770(a)(7), HP has represented that the HP

19  Pavilion "zd" series laptop computers are of a particular standard, quality, or grade when they are not;

20  and (c) In violation of Section 1770(a)(9), HP has advertised HP Pavilion "zd" series laptop computers

21  with an intent not to sell them as advertised.

22    63.    HP concealed material facts regarding the HP Pavilion "zd" series laptop computers from

23  Plaintiff and other consumer members of the Class, including that the laptops fail to perform in

24

1  accordance with their advertised performance specifications, contain a common design defect, and are

2  not of merchantable quality. This type of information is relied upon by consumers in making purchase

3  decisions, and is fundamental to the decisions to purchase a costly portable notebook computer. Had HP

4  disclosed such information, it would have been known to Plaintiff and other consumer members of the

5  Class through the marketing and advertising presented to Plaintiff by retailers, resellers, HP, the trade

6  press and others.

7       64.    Had HP disclosed this material information regarding the HP Pavilion "zd" series laptop

8  computers to Plaintiff and other consumer members of the Class, they would not have purchased the

9  Pavilion laptops.

10      65.    Plaintiff and other consumer members of the Class relied upon HP's misrepresentations

11  to their detriment.

12      66.    HP's failure to disclose the HP Pavilion "zd" series laptop computers' inability to meet

13  their advertised performance specifications, and HP's conscious concealment of the common design

14  defects in the HP Pavilion "zd" series laptop computers are omissions and concealments of material fact

15  that constitute unfair, deceptive, and misleading business practices in violation of the CLRA.

16      67.    HP's deceptive acts and omissions occurred in the course of selling a consumer product

17  and have occurred continuously through the filing of this Complaint.

18      68.    As a direct and proximate result of HP's violations of the CLRA, Plaintiff and other

19  consumer members of the Class have suffered irreparable harm. Plaintiff, on behalf of herself and on

20  behalf of the Class, seeks injunctive relief.

21                              **PRAYER FOR RELIEF**

22      WHEREFORE, Plaintiffs pray that the Court enter judgment and orders in their favor and

23  against HP as follows:

24

1      a.     An order certifying the Class, directing that this case proceed as a class action, and

2  appointing Plaintiff and her counsel to represent the Class;

3      b.     Judgment in favor of Plaintiff and Class members in an amount of actual damages and/or

4  restitution to be determined at trial (for purposes of clarity, plaintiff expressly does not seek damages

5  pursuant to the CLRA at this time);

6      c.     Other relief available under Civ. Code § 1780, to the extent appropriate, including but not

7  limited to (i) punitive damages and (ii) additional damages up to $5,000 for senior citizens and disabled

8  persons

9      d.     An order prohibiting HP from engaging in the acts of unfair competition and false

10  advertising alleged herein;

11      e.     An order granting reasonable attorneys' fees and costs, as well as pre- and post-judgment

12  interest at the maximum legal rate; and

13      f.     Such other and further relief as this Court may deem appropriate.

14  Dated: January 9, 2009                  Respectfully submitted,

15                                     KamberEdelson, LLC

                                     By:  s/  Alan Himmelfarb (Cal. Bar # 90480)

16                                     *Attorney for Plaintiffs and the Class*

17

18                          **JURY TRIAL DEMAND**

      Plaintiff hereby demands a trial by jury of all factual issues so triable.

19

20  Dated: January 9, 2009                  Respectfully submitted,

                                     KamberEdelson, LLC

21                                     By:  s/  Alan Himmelfarb (Cal. Bar # 90480)

22                                     *Attorney for Plaintiffs and the Class*

23

24